FILED
APR 29 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eddie S. Bell,                          )
                                        )
        Petitioner,                     )
                                        )
v.                                      )   Civil Action No. 08 0736
                                        )
United States Sentencing Commission *et al.*,)
                                        )
        Respondents.                    )

MEMORANDUM OPINION

This matter is before the Court on the petition for a writ of mandamus, in which petitioner seeks to compel the United States Sentencing Commission "to perform their [statutory] duty and resolve the sentencing disparity that has led to a split amongst the Circuit Court of Appeals, and has directly resulted in [petitioner's] receiving a prison sentence that is 29 to 43 months longer" than similarly situated defendants. Pet. at 1. The Court will grant the accompanying application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the Medical Center for Federal Prisoners in Springfield, Missouri. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). Mandamus relief is not appropriate when, as here, another adequate remedy is available. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially

efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie.").

Because petitioner is in effect challenging his sentence, his remedy lies exclusively in the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Petitioner asserts that habeas is not available to "resolve the conflict that sentencing courts have debated for the past 17 years [,*i.e.*,] whether burglary of a commercial building or a non-dwelling is a crime of violence" under the sentencing guidelines. Pet. at 6. If this Court entertained the petition based on this argument, it would in effect be exceeding its authority by reviewing the decisions of the sentencing court (the United States District Court for the Western District of Missouri) and those of the United States Court of Appeals for the Eighth Circuit. *See* Pet. at 2-3. The fact that petitioner may not have prevailed in those courts does not render his § 2255 remedy inadequate or ineffective. *See Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Boyer v. Conaboy*, 983 F. Supp. 4, 8 (D.D.C. 1997). As this Court has previously determined with regard to a similar claim against the Sentencing Commission,

"[w]hatever quarrel [petitioner] has with the [Eighth] Circuit's understanding of the law, he must take it to the Supreme Court." *Boyer*, 983 F. Supp. at 8.

Lacking jurisdiction to entertain the petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

/s/ Royce C. Lamberth
United States District Judge

Date: April 15, 2008